UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JOSHUA JAMES RUSSELL,

              Plaintiff,

v.

UNIVERSITY OF MINNESOTA
BOARD OF REGENTS UNIVERSITY
EMPLOYEES, UNIVERSITY PEACE
OFFICERS, DEPUTY CHIEF OF
POLICE, OFFICER CHUCK MINOR,
LIEUTENANT POLICE OFFICER
TROY BUHTA, OFFICER JASON
TOSSEY, SERGEANT OFFICER
NYSTROM, UNIVERSITY EMPLOYEE
– ATTORNEY ERIN KEYES,
UNIVERSITY EMPLOYEE –
ATTORNEY BABAEVA GULZAR,
UNIVERSITY EMPLOYEE SHARON
DZIG,

              Defendants.

Civil No. 10-807 (JNE/JJG)


**REPORT AND
RECOMMENDATION**

_____

      This matter is before the undersigned United States Magistrate Judge on

Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2),

by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted

by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report

and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the

reasons discussed below, the Court will recommend that Plaintiff's IFP

application be denied, and that this action be dismissed, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per</u> <u>curiam</u>).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980).

Plaintiff's current complaint fails to state an actionable claim because it is wholly conclusory. Plaintiff seems to be alleging that he disclosed some type of confidential information about himself to one or more of the named Defendants at some undisclosed time in the past, and he apparently believes that the named Defendants somehow disseminated that information to someone (it is not clear who), and thereby damaged Plaintiff's reputation. However, Plaintiff's complaint does not describe any actual events, or any specific acts or omissions by any of the named Defendants. Instead, the entire complaint consists of nothing more than vague and conclusory allegations, such as the following:

> "11. Defendant, Deputy Chief Peace Officer of the State, Chuck Minor, purposely intended to abuse his powers as a State Peace Officer. The Defendant repeated violations of malicious libel written

language toward a vulnerable adult, the Plaintiff, was considered by a reasonable person as disparaging, derogatory, humiliating, harassing and threatening.

12. Defendant, Deputy Chief Peace Officer of the State, Chuck Minor, aided, abetted, and conspired with a fellow subordinate knowing that the individuals committed a criminal crime to conceal evidence of wrong doing involving the Plaintiff. The Defendant intended to coerce superiors and subordinates with an intention of silencing criticism. The Defendant believed that the benefit of a successful cover-up outweighed the risk and harm to them of being caught covering up. The Defendant committed police perjury.

13. Defendant, Deputy Chief Peace Officer of the State, Chuck Minor, aided a fellow subordinate knowing the individual concealed evidence involving the Plaintiff of wrong doing in the form of property loss, 'stigma plus.'"

(Complaint, [Docket No. 1], p. 3, ¶s 11-13.)

The remaining 103 paragraphs of Plaintiff's complaint are just as vague and conclusory (and incomprehensible) as the three paragraphs quoted above. The complaint does not provide a coherent description of what, specifically, each named Defendant allegedly did (or failed to do) that supposedly would entitle Plaintiff to legal redress. Simply put, the complaint does not allege any historical facts. Thus, the Court finds that the complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:  March 31, 2010           _s/ Jeanne J. Graham_____
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 15, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.